**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **KATHLEEN C. WOLF,** | ) | **Case No. 11-29593 HRT** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |

**ORDER ON MOTION TO REMAND**

This case comes before the Court on TCF National Bank's *Motion to Remand* (docket #49) (the "Motion"). The Court has also reviewed Debtor's *Objection to Motion to Remand* (docket #60).

Debtor has requested that this matter be set for hearing. The Court finds that a hearing would not assist the Court in understanding the issues presented by the Motion. The factual matters that are relevant to the decision whether to remand the cases back to the state court are not matters that are disputed and this Court has already conducted an extensive hearing on a prior motion to lift the automatic stay and is familiar with the circumstances of the case.

As an initial matter, as noted by the TCF National Bank (the "Bank"), the Debtor's removal of *TCF National Bank v. Wolf et al.*, Case No. 2010CV33 (the "Foreclosure Case") and *TCF National Bank v. Wolf et al.*, Case No. 2011CV40 (the "Eviction Case") pending in the District Court for Gilpin County, Colorado, (the "State Court") is defective. Debtor's *Notice of Removal and Emergency Motion to Enforce Automatic Stay* (docket #15) was not accompanied by the process and pleadings from the state court actions as required under FED. R. BANKR. P. 9027(a)(1). However, that is a defect that may be cured. *Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270, 1272-73 (10th Cir. 2011).

There are fundamental differences between removal to federal district court under 28 U.S.C. § 1441 and removal to bankruptcy court under 28 U.S.C. § 1452. Removal of cases from state to federal court is a matter of right where the case a defendant seeks to remove meets the statutory requirements. *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) ("If the requirements of the removal statute are met, the right to removal is absolute."); *White v. Wellington*, 627 F.2d 582, 586 (2nd Cir. 1980) ("[T]he right to remove is statutory, jurisdictional and absolute, regardless of motivation, when it is found to exist.").

Any questions concerning removal to federal court under 28 U.S.C. § 1441 have been settled by the district court in response to the efforts of Phillip Wolf and the Debtor to remove both the Foreclosure Case and the Eviction Case to the federal district court. The district court has remanded both cases and this Court will not revisit any issue of removal under § 1441.

Bankruptcy removal is different in that there need be no federal question or diversity of parties to support federal jurisdiction in the bankruptcy court. What must be present is bankruptcy jurisdiction under 28 U.S.C. § 1334 and some good reason to pull litigation that has already been commenced in a state court forum into a new bankruptcy court forum.

The other major distinction is the discretionary nature of removal jurisdiction in the bankruptcy court. For one thing, a bankruptcy court "may remand such claim or cause of action on any equitable ground.". 28 U.S.C. § 1452(b). For another, remand orders under § 1452 are not reviewable on appeal. *Id.*

In this instance, the Foreclosure Case was fully adjudicated in the State Court pre-petition. The foreclosure sale had occurred and a deed had been issued to the purchaser. The Eviction Case had also been fully tried in the State Court. The trial was held on August 16, 2011, and Debtor filed her bankruptcy case on August 17, 2011, one day before the trial court issued its written ruling on August 18, 2011.[1] Thus, at least on the level of the trial court, all proceedings in the first case have been completed and all substantive proceedings in the second matter have been held with the only act left to be accomplished is the entry of the State Court's written order concluding the matter.

"The standards used to determine whether equitable remand is warranted under § 1452(b) are virtually identical to those used to determine whether discretionary abstention is merited under § 1334(c)(1)." *In re Oakwood Acceptance Corp*. 308 B.R. 81 (Bankr. D. N.M. 2004). The factors that this Court looks at to determine whether discretionary abstention is warranted are:

1. the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of the applicable law;
4. the presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. the substance rather than form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

[1] The effect of the State Court's written order of restitution has was stayed by the filing of this bankruptcy case.

9. the burden of [the bankruptcy court's] docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the existence of a right to a jury trial; and
12. the presence in the proceeding of nondebtor parties.

*In re Schempp Real Estate, LLC.*, 303 B.R. 866, 876 (Bankr. D. Colo. 2003).

In this case, because proceedings in State Court were far advanced before the Debtor's bankruptcy filing and notice of removal, administration of the bankruptcy estate will be far more efficient to allow the State Court to complete its proceedings (factor #1). The removed cases present entirely state law issues – there are no bankruptcy issues (factor #2). The issues are not unsettled, state courts commonly address foreclosure and eviction issues and they address those issues with far more frequency than bankruptcy courts (factor #3). There is no jurisdictional basis for the removed cases in this Court save jurisdiction under § 1334 (factor #5). The only relationship between the State Court proceedings and this bankruptcy case is Debtor's use of this bankruptcy case to stay the State Court actions (factor #6). The Debtor does not allege that the removed cases are core bankruptcy proceedings (factor #7). To the extent there was a legitimate bankruptcy purpose to be served in filing this case, it would be best served by allowing the removed cases to be fully settled in the State Court forum as they are fully independent of any core bankruptcy matters (factor #8). The interest of conservation of judicial resources is served by allowing these matters to be fully concluded in the State Court where virtually all necessary proceedings have already taken place (factor #9). The Court finds it highly likely that commencement of this bankruptcy case and the attempted removal of nearly completed State Court proceedings to this Court does constitute forum shopping (factor #10). The right to a jury trial is not involved in the Foreclosure Case or the Eviction Case (factor #11). And the co-debtor in the State Court proceedings is a non-debtor in this bankruptcy case (factor #12).

The great weight of the factors this Court has considered weigh in favor of remand. The Court has considered the Debtor's arguments in opposition to the Motion and finds them unpersuasive. The Court is left with the strong conviction that Debtor is merely trying to move a matter that is all but fully settled in the appropriate State Court forum into bankruptcy court for another bite at the apple. But, even if the Debtor is operating in the utmost good faith, the Court finds no compelling reason to interfere with and essentially re-open proceedings that are nearly fully adjudicated in the State Court. Therefore, it is

**ORDERED** that TCF National Bank's *Motion to Remand* (docket #49) is GRANTED. It is further

**ORDERED** that *TCF National Bank v. Wolf et al.*, Case No. 2010CV33 and *TCF National Bank v. Wolf et al.*, Case No. 2011CV40 are hereby REMANDED back to the District Court for Gilpin County, Colorado.

Dated this 17th day of October, 2011.

**BY THE COURT:**

Howard R. Tallman, Chief Judge
United States Bankruptcy Court